IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LUIS ROMAN,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br>     Plaintiff <br><br>    v. <br><br> **JAMES MELKA LANDSCAPING AND MAINTENANCE, INC., AND JAMES MELKA, INDIVIDUALLY,** <br><br>     Defendants | **No.** 15 cv <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **LUIS ROMAN,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN and MEGHAN A. VANLEUWEN, and for his Complaint against Defendants, **JAMES MELKA LANDSCAPING AND MAINTENANCE, INC., AND JAMES MELKA, INDIVIDUALLY,** states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are engaged in business in this district.

### III.     THE PARTIES

3.     Defendant, **JAMES MELKA LANDSCAPING AND MAINTENANCE, INC.,** provides landscaping construction, and maintenance, in addition to snowplowing services.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the Fair Labor Standards Act.   During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **JAMES MELKA,** is the owner/operator of James Melka Landscaping and Maintenance, Incorporated and at all relevant times hereto Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5.     Plaintiff, **LUIS ROMAN** (hereinafter "the named Plaintiff") is a past employee who performed work for Defendant as worksite landscaping laborer.

6.     All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant as described above.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the Fair Labor Standards Act.

7.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

8.     The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "Class" of past and present employees.  Those past and present employees are entitled to receive Notice of these proceedings and afforded an opportunity to join their individual claims.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by the named Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the Fair Labor Standards Act and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by the named Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count.

### Class Action Under the Illinois Wage Payment and Collection Act

11. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by the named Plaintiff as a F.R.C.P. 23 class action to recover unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12. Plaintiff at all times pertinent to this cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

13. Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, and required the named Plaintiff, and all

3

similarly situated members of the Plaintiff Class, to perform work off-the-clock, to the benefit of the Defendants. Specifically, Plaintiff performed daily pre-shift work off-the-clock, which included cleaning and loading and unloading the trucks, gathering tools and machines to be used throughout the day at job sites, checking the tools to be sure they were clean and working, performing any maintenance on machines, and receiving daily instructions. Furthermore, Plaintiff and those similarly situated were frequently unable to take their full thirty (30) minute auto-deducted unpaid meal breaks as a result of work volume and interruptions. This work time off-the-clock from their scheduled shift was without pay as required by the state and federal statutes relied upon herein.

14. Furthermore, Plaintiff and those similarly situated were not compensated for all the hours they worked. Defendants maintained a practice of rounding and adjusting Plaintiff's hours to reflect fewer than those he actually worked, thereby reducing Plaintiff's compensation.

15. The named Plaintiff, and those similarly situated worked in excess of forty (40) hours per week. In some instances, the unpaid time as described above may have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time were properly treated as compensable, the workers would have worked over 40 hours in particular workweeks. In other instances, the unpaid time may have been compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statutes herein relied upon.

16. Furthermore, named Plaintiff and all similarly situated members of the Plaintiff Class experienced unauthorized deductions from their paychecks for uniforms. These unauthorized deductions were unlawful and without written authorization by the named Plaintiff and members of the Plaintiff Class, as required by the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 16 of this Count I.

17. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

18. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

**WHEREFORE**, Plaintiff, on behalf of himself, and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-18.   Paragraphs 1 through 18 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count II.

19.   Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

20.   Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any given week, in the three (3) years preceding the filing of this complaint.

**WHEREFORE**, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)   awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)   awarding Plaintiff reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)   for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-20.   Paragraphs 1 through 20 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of Count III.

21. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

22. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

**WHEREFORE**, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-22. Paragraphs 1 through 22 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of this Count IV.

23. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq*.

24. During a portion, or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

25. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

**WHEREFORE**, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which the named Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay Plaintiff reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### UNAUTHORIZED DEDUCTIONS

1-25. Paragraphs 1 through 25 of Count IV are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of this Count V.

26. Throughout the course of Plaintiff and the Plaintiff class' employment, they had an employment relationship with Defendants, and an employment agreement, established by the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

27. During the course of Plaintiff's employment, Defendants made deductions from Plaintiff's and similarly situated employees' wages for uniforms.

28. Such deductions and fines (1) were not required by law; (2) were not to Plaintiff's or the Class's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff or the Class, given freely at the time the deductions were made.

29. Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiff's and the Class's wages.

30. Plaintiff, and those similarly situated, were damaged by Defendants' violation of the Illinois Wage Payment and Collection Act.

31. This Count V is brought as a R. 23 class action, because although the precise number is unknown, the Plaintiff class is so numerous that joinder of their claims would be impracticable. It is estimated that there are at least 40 individuals in the putative class who experienced uniform deductions.

32. The uniform deductions present common questions of law and fact which predominate over variations that exist in the members of the Plaintiff class, and the named Plaintiff's claims as to uniform deductions are typical of those presented by the putative class.

33. Moreover, Plaintiff is an appropriate and adequate representative of the Plaintiff class, and Plaintiff's counsel is competent in the field of wage and hour claims including collective and class actions.

**WHEREFORE**, Plaintiff, on behalf of himself and all other plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding an amount of statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

(b) directing Defendants to pay to Plaintiff reasonable attorneys' fees and costs of this action;

(c) determining the rights of the parties and directing Defendants to account for all unauthorized deductions to Plaintiff during his employment;

(d) granting an injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.; and,

(f) for such additional relief as this Court deems appropriate and just under the circumstances.

    Respectfully submitted,

*Electronically Filed 8/20/2015*

/s/ John W. Billhorn

_____

John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Boulevard
Chicago, Illinois 60604
(312) 853-1450

/s/ Meghan A. VanLeuwen

_____

Meghan A. VanLeuwen

FARMWORKER & LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, Illinois 60602